

1 of 1 DOCUMENT

**Bruce M. Remington, Plaintiff-Appellant, v. Country Jam USA, Inc., Defendant-Third-Party Plaintiff-Respondent, v. Foster Farms, Inc., Third-Party Defendant-Respondent.**

Appeal No. 2004AP2762

COURT OF APPEALS OF WISCONSIN, DISTRICT THREE

*2005 WI App 126*; *284 Wis. 2d 571*; *699 N.W.2d 253*; *2005 Wisc. App. LEXIS 448*

May 24, 2005, Decided
May 24, 2005, Filed

**NOTICE:** [*1] : PURSUANT TO RULE 809.23 OF APPELLATE PROCEDURE, AN UNPUBLISHED OPINION IS OF NO PRECEDENTIAL VALUE AND FOR THIS REASON MAY NOT BE CITED IN ANY COURT OF THIS STATE AS PRECEDENT OR AUTHORITY EXCEPT TO SUPPORT A CLAIM OF RES JUDICATA, COLLATERAL ESTOPPEL OR LAW OF THE CASE.

**PRIOR HISTORY:** APPEAL from a judgment of the circuit court for Eau Claire County: Lisa K. Stark, Judge. Cir. Ct. No. 2003CV415.

**DISPOSITION:** Affirmed.

**JUDGES:** Before Cane, C.J., Hoover, P.J., and Peterson, J.

**OPINION**

PER CURIAM. Bruce Remington appeals a summary judgment dismissing his action against Country Jam USA, Inc., and Foster Farms, Inc. Remington's parents leased a part of their farm to Country Jam's predecessor for music festivals. Remington claims he holds an irrevocable exclusive contractual right to sell popcorn at Country Jam events. He requested a declaration of that right and damages for breach of contract and for Foster Farm's interference with that right. Remington claims an irrevocable right on three bases: an oral contract; the initial lease in which he was a third-party beneficiary; and a quit-claim deed from his parents. Because, as a matter of law, none of these transactions creates an irrevocable license to sell popcorn at Country Jam events, we affirm the judgment.

Country Jam is a successor to Summer Festivals, Inc., which is [*2] a successor to Fanny Hill, Ltd., a business operated by Larry Barr. In 1990, Fanny Hill and Barr contracted with Remington's parents to lease a portion of their farm for two music festivals. The five-year lease gave Remington exclusive popcorn rights as a part of the consideration for the contract. The contract provided that it could be amended by the parties' written agreement. [1]

> 1  A second contract was apparently entered into in 1990 between Foster Farms, Inc., successor to Remington's parents, Summer Festivals, successor to Fanny Hill, although the agreement was not signed by Foster Farms' officers. The significant parts of this contract are identical to the original contract.

Page 2

2005 WI App 126; 284 Wis. 2d 571;
699 N.W.2d 253; 2005 Wisc. App. LEXIS 448, *2

In 1992, Foster Farms, Fanny Hill (acting for Summer Festivals) and Barr signed a new contract that voided all previous agreements and created a fifteen-year lease. The contract modified the popcorn concession provision in the earlier lease, now allowing Remington or a family member or employee to choose the method and location [*3] of popcorn and candy sales.

The most current lease, signed in 2001, between Foster Farms and Country Jam, gives Foster Farms the exclusive right to sell popcorn and the right to assign the popcorn rights to any designee. This lease replaces all prior leases.

Remington first claims to have an irrevocable license to sell popcorn by virtue of an oral agreement with Barr before the first lease was signed. The alleged oral contract is not enforceable following the signing of a written contract with different terms. The oral agreement is considered "merged" into the written agreement. *See* **Bowler Lumber v. Raasch**, *246 Wis. 639, 642, 18 N.W.2d 366 (1945)*. Parol evidence is not admissible to vary the terms of the written contract. **Id.** Because the written lease does not mention an irrevocable license, but specifically gives the lease a limited term and allows for amendment by mutual agreement, the alleged oral agreement is unenforceable.

Remington next claims the initial lease gave him an irrevocable license. Construction of a contract is a question of law. **Galatowitsch v. Wanat**, *2000 WI App 236, P11, 239 Wis. 2d 558, 620 N.W.2d 618*. [*4] We conclude the initial lease did not create an irrevocable license. The term of the lease was limited, and the lease provided that any term was subject to amendment by mutual agreement. Nothing in the original lease suggests the parties' intent to make one clause irrevocable. Because the successors to the original lease lawfully exercised their right to renegotiate that provision, the terms of the initial lease were voided by the subsequent contracts.

Remington cites **Walterman v. Village of Norwalk**, *145 Wis. 663, 130 N.W. 479 (1911)*, to support his claim that an irrevocable license was created because he acted on the written agreement. In **Waterman**, the Village constructed a building on the property after being granted a license that used language suggesting more than a mere license. The new owner, who bought the land knowing of the license, attempted to revoke the Village's permission and force removal of the building. The court held the Village's construction of the building precluded revocation of the license. Here, Remington cites no act by him comparable to constructing a building, and the lease contained terms that suggest an agreement [*5] of limited duration.

Remington stresses the clause that recites the popcorn license is further consideration for the lease. That clause merely establishes Remington's contractual right as long as the contract remained in effect. A limited term license, or one that is revocable by the parties' mutual agreement, is not inconsistent with the license being consideration for the initial contract.

Finally, Remington claims an irrevocable license based on a quit-claim deed from his parents. That claim fails for several reasons. First, the deed was signed by his parents without any designation as corporate officers. The property was owned by Foster Farms, Inc., at the time the deed was signed. Remington's parents had no individual rights to assign at that time. Second, any rights they or Foster Farms held were subject to amendment by the parties to the lease. Remington's parents and Foster Farms did not have any irrevocable right under the lease to transfer. Third, the license gave Remington the right to sell popcorn at all Country Jam events, even those held on other properties. Remington's parents did not have a property right to this license that could be transferred [*6] by quit-claim deed.

Because Remington had no irrevocable license and the current lease gives Foster Farms authority to assign the popcorn concession to any designee, Remington's claim that Foster Farms interfered with his irrevocable right was properly dismissed.

*By the Court.*-Judgment affirmed.

This opinion will not be published. *See Wis. Stat. Rule 809.23(1)(b)5*. (2003-04).